**SOO HOO YIN DEEP v. DULLES,**
Secretary of State.

Civ. No. 51–1133.

United States District Court,
D. Massachusetts.

Oct. 15, 1953.

James E. Fitzgerald, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., W. Langdon Powers, Asst. U. S. Atty., Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff brings this action under the provisions of § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903,[1] for a declaratory judgment that he is a citizen and national of the United States and entitled as such to admission to this country for permanent residence. Plaintiff applied to the American Consul at Hong Kong for issuance of the necessary documents for his entry into this country as a citizen, claiming a permanent residence at Brockton, Massachusetts. The consul refused to issue either an American passport or a certificate of identity. Upon the bringing of this action, a certificate of identity was issued to plaintiff under the provisions of 8 U.S.C.A. § 903 allowing him to come to the United States solely for the purpose of prosecuting this action and he arrived in this country on July 17, 1952.

Plaintiff's claim that he is a citizen of the United States is based on his claim that he is the son of Soo Hoo Kee. Soo Hoo Kee was born in China in 1903. He first entered the United States at Boston on February 9, 1921. After examination he was admitted to this country as an American citizen, as the son of Soo Hoo Ming, an American citizen, and a certificate of identity was issued to him as an American citizen on June 24, 1921.

Soo Hoo Kee testified as a witness for plaintiff. His testimony, in addition to the facts relating to his own citizenship and admission to the United States, may be summarized as follows: Since his

---

1. See Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503.

entry he has resided in Boston or its vicinity, and has for many years resided in Brockton, where for thirty years he has been part owner of a restaurant. He has twice returned to China, leaving the United States for the first visit on November 17, 1922 and returning here on June 1, 1924, and leaving for the second visit October 2, 1932 and returning October 29, 1935. He was married on January 1, 1923 in his native village of Sai Tung, Toishan District, China, to Ngoe Shee. Five sons were born of this marriage, of whom the eldest was Soo Hoo Yin Deep, born December 28, 1923, at Sai Tung village. Soo Hoo Kee was present at the birth of this son. He again saw him and lived with him in Sai Tung village during his second visit from 1932 to 1935. Later, in 1939, he received a picture of the son taken at that time. He next saw his son on July 18, 1952 upon the son's arrival in the United States. He had, from time to time, sent money to his family in China, and particularly had sent his son funds to finance his entry into the United States. On the two occasions of his return from visits to China he had informed the immigration authorities of changes in his family status, and in particular had informed them in 1924 of his marriage and the birth of his son Soo Hoo Yin Deep. He identified the plaintiff in this action as his son Soo Hoo Yin Deep.

Soo Hoo Sing Wee, also called as a witness for plaintiff, testified that he had been a partner of Soo Hoo Kee in the restaurant business in Brockton, that he had visited China in 1935, returning to this country in 1938, and that during this trip, on January 2, 1936, he visited the family of Soo Hoo Kee, who were then living in Nam Sing village in the Hoiping district, for the purpose of delivering money which Soo Hoo Kee had asked him to take to them. He said that at that time he met the wife and five sons of Soo Hoo Kee, and that he now recognized the plaintiff here as Soo Hoo Yin Deep, the eldest son of Soo Hoo Kee. He further said that he had seen Soo Hoo Kee's picture of Soo Hoo Yin Deep in 1939, at the time Soo Hoo Kee testified he had received it.

The plaintiff himself testified as to his life in China, describing his family in the same manner as Soo Hoo Kee had done. He said that his recollection of Soo Hoo Kee goes back to 1932 when Soo Hoo Kee arrived for a three-year visit with the family and plaintiff was told that Soo Hoo Kee was his father. He testified as to his life with his mother and brothers in his birthplace in Sai Tung village and later in Nam Sing village. He said he had worked for some years in Fung Wan Market and had married in 1947 in Nam Sing village. He testified that in 1949 he had begun his efforts to win admission to the United States as a citizen and had come to Hong Kong, where he lived for some time with two of his brothers, awaiting admission to this country.

The only real question at issue in this case is whether or not plaintiff is, as he claims, the son of Soo Hoo Kee. That in turn depends on whether or not the story of these three Chinese witnesses is to be believed. That question is not without its difficulties. Much of the testimony of Soo Hoo Kee, who speaks some English, and all of the testimony of the other two witnesses, who know no English, had to be given through an interpreter. This, of course, adds to the difficulty of assessing the credibility of the witnesses through the manner in which they told their story. No documentary evidence of any kind was brought forward to corroborate the story of the witnesses. It appears, however, that official records of marriages and births, in cases such as this, are seldom, if ever, available, and there was nothing to controvert the statement of witnesses that there were no records.

■■ The plaintiff in this action has the burden of establishing his citizenship. Moreover, this burden must be sustained, not by a mere preponderance of the evidence, but by clear and convincing proof of the facts on which plaintiff's claim to citizenship is based, since

the circumstances of these cases are such that the opportunities for fraudulent claims are great, and the disproof of such claims is unusually difficult. Ly Shew v. Acheson, D.C., 110 F.Supp. 50, 58. However, this court cannot accept the contention of the United States that a plaintiff in a case such as this cannot establish his case by clear and convincing proof unless the oral testimony is corroborated by documentary evidence. Oral testimony, even hearsay as in proof of date of one's birth, can, and in fact it daily does, produce in triers of fact a firm conviction of the truth of the matters testified. Moreover, it is well known that in cases of this type documentary evidence of the essential facts is usually non-existent, or at least not readily available. The nature of the case is such that the only evidence available to the claimant of citizenship is the oral testimony of himself and his immediate family or friends. This situation, of course, makes it easier to fabricate spurious claims, and requires the courts to insist upon a high standard of proof. But zeal to guard against false claims must not go too far in the opposite direction. American citizenship is a valuable right. To impose upon those who claim it a standard of proof which in the circumstances cannot be met by the genuine claimants is to run a serious risk of committing the grave injustice of denying the precious privilege of that citizenship to those to whom it belongs by right of birth. "It is better that many Chinese immigrants should be improperly admitted than that one natural born citizen of the United States should be permanently excluded from his country." Kwock Jan Fat v. White, 253 U.S. 454, 464, 40 S.Ct. 566, 570, 64 L.Ed. 1010. Of course each case must be decided on its own peculiar facts and major contradictions should weigh heavily against applicants in this type of *de novo* proceeding.

This court is convinced that this plaintiff and his witnesses are telling the truth. There was nothing in their appearance or manner of telling their story to cast suspicion on their veracity. Their story is consistent, and there is nothing inherently impossible or unlikely about it. Cross-examination of these witnesses brought out nothing more than slight discrepancies or contradictions in matters of detail which are too minor to shake the conviction that their story is substantially true.

Nothing has been brought forward by the government to controvert the plaintiff's case. Suggestions of possible fraud or motives for fraud to be found in cases of this type are no evidence against plaintiff in the absence of any tangible evidence to indicate that any fraud exists in this case. It is true that the fact that plaintiff comes from a region of China now under Communist domination makes it impossible for the United States to conduct any investigation into his background prior to his arrival in Hong Kong. But where evidence is physically unavailable, there is no ground for assuming that it would, if it could be produced, prove either favorable or unfavorable to plaintiff. The case must be decided on the basis of the evidence presented, without speculation as to what unavailable evidence might possibly show.

On the evidence here presented the conclusion must be that plaintiff in this case has sustained by clear and convincing evidence the burden of proof imposed upon him; that he, Soo Hoo Yin Deep, is the legitimate blood son of Soo Hoo Kee, an American citizen; and that Soo Hoo Yin Deep is himself a citizen of the United States and entitled to admission into the United States for permanent residence.

Judgment for plaintiff in accordance herewith.