**WONG SUEY MING, by his next friend Wong Quan Yem,**

v.

**John Foster DULLES, Secretary of State of the United States.**

**Civ. A. No. 52–252.**

United States District Court
D. Massachusetts.

May 12, 1955.

James E. Fitzgerald, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., James J. Sullivan, Jr., Andrew A. Caffrey, Asst. U. S. Attys., Boston, Mass., for defendant.

FORD, District Judge.

This suit seeks a declaratory judgment that the plaintiff Wong Suey Ming is a citizen and national of the United States by virtue of the fact that he is the son of Wong Quan Yem, a United States citizen.

The American Consul at Hong Kong, China, refused to issue a certificate of identity [1] to the plaintiff to permit him to enter the United States and testify in these proceedings after refusing on November 15, 1951 to recognize on application to the consul (made June 28, 1951) his claim of right as a national of the United States to an American passport.

Wong Quan Yem arrived in the United States as the son of an American citizen in 1924. He left the United States for China in March, 1930, and returned through the Port of Boston in 1931. He testified he was married to Quan Shee on May 26, 1930. On his return in 1931 he stated to the Immigration authorities that his wife, Quan Shee was pregnant. In May 1931, the witness left the United States for China and returned to the United States in September 1935 through the Port of Boston. At that time he stated to the Immigration officer that he had two sons and further that his wife was in a pregnant condition. He stated his first son was Wong Wing Koey and that he was born in Nam Lung Village in Hoi Ping District August 31, 1931 according to the Chinese calendar. He stated his second son was Wong Suey Do and born in the same village January 4, 1935. (Wong Wing Koey was admitted to the United States in 1940 as the son of the witness Wong Quan Yem and lives at present with Wong Quan Yem at 36 Hudson Street, Boston. Wong Suey Do was refused travel documents by the American Consul at Hong Kong in 1952 and later admitted to Argentina.)

The witness also testified there was a third son born, Wong Suey Ming, the plaintiff here, who he stated was born in Nam Lung Village March 8, 1936 and whom he has never seen.

Witness also stated he sent money to his mother to support the children in China but rarely up to date sent any di-

1. The refusal to issue a certificate of identity hampers court hearings in this type of case. The net result is the American Consul at Hong Kong hears part of the case and the court is deprived of a full hearing on the merits.

rectly to Wong Suey Ming. He did produce four receipts for drafts sent direct to Wong Suey Ming beginning in 1951. No address was reflected in these receipts. One of these receipts was dated after the complaint here was filed. There was no evidence he sent any money to support his family to his alleged wife, Quan Shee. The witness also testified he received several letters from Wong Suey Ming, dates of which began in 1950.

Mrs. Wong Quan Yem testified she was married to Wong Quan Yem May 26, 1930 in Nam Lung Village and of this marriage six sons and one daughter were born; Wong Wing Koey, September 30, 1931; Wong 'Suey Do, January 4, 1936; Wong Suey Ming (petitioner), March 8, 1936, were born in China in Nam Lung Village. She came to the United States in 1948 and was admitted as the wife of Wong Quan Yem. The witness presented a photograph which her husband testified his mother had previously sent him and that it was a true picture of herself and, according to her testimony, of two of her sons, Wong Suey Do and Wong Suey Ming, (Wong Wing Koey was missing). She stated she last saw the petitioner in 1948. Before she left she stated she had moved from Nam Lung Village to Wong Lem Village where she and petitioner lived. She also stated her husband heard frequently by letter from the petitioner and she knew of her own knowledge that her husband supported the boy in China. She also stated, as did her husband, that Wong Wing Koey was in Boston at the present time and living with herself and her husband. On questioning, the witness accounted for the absence of Wong Wing Koey from the picture by stating he was in Hong Kong about to apply for a passport. Since the latter was not admitted to the United States until 1940 when he was nine years old and the age of Wong Suey Ming, as it appears from the picture, could not be more than two years (born in 1936), it is difficult to believe that Wong Wing Koey could have been in Hong Kong when the picture was taken. However,

I am not an expert on the ages of Chinese children.

As has been stated Wong Suey Do, the alleged second son of Wong Quan Yem, was refused a passport in 1952. On March 25, 1952, Wong Quan Yem and his wife refused, through their counsel, to submit to a blood test when requested to do so by the Immigration Service for the American Consulate General at Hong Kong. Also with respect to the application of Wong Suey Do, in 1951, according to the testimony of his alleged father and mother, his age would be sixteen, it was the finding of the physicians acting for the American Consulate at Hong Kong that his age was 20–24 years. Wong Suey Do testified for the petitioner on latter's application. In connection with these proceedings Wong Quan Yem, his alleged father, filed an affidavit dated February 2, 1949, setting forth the fact that Wong Suey Do was born January 4, 1935.

The difficulties which are present and the principles applicable with respect to cases of the type at bar are set forth in Soo Hoo Yin Deep v. Dulles, D.C., 116 F.Supp. 25. Cf. Ly Shew v. Acheson, D.C., 110 F.Supp. 50 and Lue Chow Kon v. Brownell, D.C., 122 F.Supp. 370.

It is apparent that the plaintiff here has the burden of proof to convince the court by clear and convincing evidence that he is the son of Wong Quan Yem. Documentary evidence in these cases is nonexistent and the outcome depends almost wholly on the credibility of the witnesses, who in most cases are members of the immediate family. And further the cases must be decided on the basis of the evidence presented, without speculation as to what unavailable evidence might possibly show.

Plaintiff's case here consists in the main of the testimony of Wong Quan Yem, the alleged father and his wife, Quan Shee Yem. However, there is a circumstance in this case, and it appears in others, that is important and it is convincing unless the court is prepared to state that a fraudulent claim by

the alleged father of the petitioner took its rise in the year 1931—twenty-four years ago. In 1935 on Yem's return to the United States he stated to the Immigration officials he had two sons, naming them, and further that his wife was pregnant. Was Yem at that time—twenty years ago—laying the foundation for the admission of spurious children? Was Yem that clever? If he was he deceived the officials in 1940 when Wong Wing Koey was admitted. And again in 1948 the Immigration officials admitted Quan Shee as his wife, the woman he stated to the officials in 1931 he married in 1930. I believe the facts as to his marriage are authentic and I cannot conceive that Yem was so farsighted as to fabricate the facts with respect to the births, and which appear in the departmental files.

It is true that when evidence is presented through an interpreter the question of credibility is difficult, but I cannot find that Yem and his wife were committing perjury by not telling the truth. I believe they were truthful.

The court realizes the possibility of fraud in these cases and the difficult position of the government whose major weapon is cross-examination searching for major discrepancies. Minor discrepancies, and contradictions are hardly enough to turn the scales in favor of the government.

The government here relies, it seems to this court, on matters which do not convince the court that a fraud is being perpetrated. With respect to what was said concerning Yem's relation to the authorities concerning the birth of his sons, one could be suspicious that Yem was establishing a fraudulent claim in 1931 and 1935 that he had two sons and that his wife was pregnant, but it would be mere suspicion and there would be no basis for such a conclusion.

The radiological examination of Wong Suey Do that established to the satisfaction of the physician that he was falsifying as to his age does not militate, even if the experts are correct, against the present petitioner Wong Suey Ming. In fact the radiological examination of Ming with respect to his age bore out the fact that he was about the age he said he was in his application.

Nor am I impressed by the contention of the government that Yem's attorney's refusal of a blood test should create an unfavorable inference. Attorneys in charge of a case take positions for clients in the preparation of a case for reasons over which a client has little control. An attorney might well believe that in the event of an error in determining a type of blood he would be creating damaging evidence against his client and at the same time cause considerable expense in refuting the error. In any event, the sins of an attorney, if he commits such, should not be charged at all turns against his client.

The court regards also that the testimony of Mrs. Yem with respect to the photograph and her attempt to account for the absence in it of Wong Wing Koey could easily have been an honest error and not of such a nature as to destroy her credibility. Also it is possible the court's estimate of age is wrong.

The conclusion is the petitioner has established the fact that he is the blood son of Wong Quan Yem and is entitled to a judgment declaring him to be a national of the United States.